ZACHARIAH N. HARRIS, plaintiff in error, vs. THOMAS J. BROYLES, defendant in error.

A party arrested by *ca. sa.*, and giving bond to take the benefit of the Act of 1823, for the relief of honest debtors, is not subject to be arrested a second time, by the same *ca. sa.*, until the case made by the giving of the bond, has been ended.

Illegality, from Cherokee county.     Decided by Judge RICE, September Term, 1857.

The plaintiff in error being arrested on a *ca. sa.* at the suit of Thomas J. Broyles, filed an affidavit of illegality, upon the grounds that he had been before arrested on the same *ca. sa.* and that his second arrest had been made while the bond which had been given by him for his appearance under the first arrest had not been returned by the Sheriff; and the plaintiff, by his counsel, had obtained a rule absolute against the Sheriff, for his neglect in not making a return of the bond for the full amount due on the *ca. sa.*; which rule absolute was still in full force, or paid off and discharged by the Sheriff. He also stated, in his affidavit of illegality, that he attended the Court to which the *ca. sa.* was returnable according to the terms of the bond, but that the bond was not returned to that or to the next Court, which he also attended; and that some two weeks afterwards, he saw the bond in the hands of the arresting officer, who told him that he had not returned it to the Court.

A motion was made to dismiss this affidavit of illegality on all the grounds; which motion was sustained by the Court.

The defendant filed his bill of exceptions, alleging,

1st. That the Court erred in dismissing said illegality, and in overruling said affidavit on all and each of the grounds set forth in the same.

2d. That the Court erred in granting an order to plaintiff's counsel to enter up judgment on said bond against defendant and his security as for default of appearance.

COOPER; WATERS; and KNIGHT, for plaintiff in error.

IRWIN & LESTER, *contra.*

*By the Court.*—BENNING, J. delivering the opinion.

Can a person who has been arrested under a *ca. sa.* and has given bond under the honest debtor's Act of 1823, be arrested under the same *ca. sa.* a second time, before the case made by the giving of the bond, has been ended? We think not.

"Upon such debtor or debtors tendering such bond or bonds, it shall be the duty of such Sheriff, Deputy or Constable, as the case may be. to release him, her, or them from confinement or custody." *Pr. Dig.* 492. This is what the Act says.

We think, therefore, that the Court erred in dismissing the illegality.

Judgment reversed.